UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA )<br>)<br>ex. rel. KASSIE WESTMORELAND, )<br>)<br>       Plaintiffs, )<br>)<br>    v. )<br>)<br>AMGEN, INC.; INTERNATIONAL )<br>NEPHROLOGY NETWORK renamed )<br>INTEGRATED NEPHROLOGY NETWORK, )<br>a d/b/a of DIALYSIS PURCHASING )<br>ALLIANCE, INC.; and ASD )<br>HEALTHCARE, )<br>)<br>       Defendants. ) | CIVIL ACTION<br>NO. 06-10972-WGY |

ORDER

YOUNG, D.J.                                                                                       May 26, 2010

  On April 26, 2010, the Court entered a final judgment dismissing the Plaintiff States' and Relator's complaints without prejudice [Doc. No. 213] pursuant to its Memorandum and Order of April 23, 2010 (the "April 23, 2010 Memorandum and Order") [Doc. No. 212]. On May 7, 2010, Relator filed a Motion for Reconsideration [Doc. No. 215] and an accompanying Motion for Leave to File an Amended Complaint [Doc. No. 217].

  The Court sees no reason to reconsider the legal reasoning underlying the dismissal of both complaints explained in the April 23, 2010 Memorandum and Order, and thus Relator's Motion for Reconsideration is DENIED.

Pursuant to Federal Rule of Civil Procedure 60(a), however, the Court corrects the final judgment previously entered with respect to Relator. The dismissal of Relator's Complaint should have been without prejudice and with leave to file a motion for leave to file an amended complaint. Therefore, no final judgment should have been entered against Relator and the Court now rules that no final judgment is entered with respect to Relator.

Relator's Motion for Leave to File an Amended Complaint is ALLOWED in light of the following:

(1) Relator's new pleadings that by 2010, most medical providers had enrolled in Provider Enrollment Chain and Ownership System ("PECOS") since 2003; that by November 2009, the majority (70%) of all Medicare-eligible medical providers had re-enrolled in Medicare since 2003; that such PECOS enrollments and Medicare re-enrollments took place after the Defendants' had begun giving kickbacks to providers; and that when providers signed such enrollment forms, they knew that they would be accepting kickbacks from the Defendants in violation of the anti-kickback statute;

(2) Relator's additional pleadings regarding the Defendants' encouragement of providers to bill for overfill that was never administered to patients thereby causing providers to bill for overfill that was never actually administered (i.e., factual falsity); and

(3) Relator's additional pleadings regarding the Defendants' encouragement of providers to administer medically unnecessary

overfill to patients thereby causing providers to bill for such unnecessary dosages, where the Medicare statutes and regulations only allow for reimbursement of "medically indicated and necessary" treatment and where Medicare claim forms require providers to certify that their claimed services were "medically indicated and necessary" (i.e., legal falsity).
Relator's Complaint stands and falls on these crucial allegations.

Defendants AmerisourceBergen Specialty Group and AmerisourceBergern Corporation remain dismissed as parties to the action for the reasons stated in the April 23, 2010 Memorandum and Order.

The Court shall schedule a status conference.


SO ORDERED.


/s/ William G. Young
**WILLIAM G. YOUNG**
**DISTRICT JUDGE**