```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

```
                                    )
THE UNITED STATES OF AMERICA        )
                                    )
ex rel. KASSIE WESTMORELAND,        )
                                    )
                       Plaintiffs,  )
                                    )
           v.                       )  CIVIL ACTION
                                    )  NO. 06-10972-WGY
AMGEN, INC.; INTERNATIONAL          )
NEPHROLOGY NETWORK renamed          )
INTEGRATED NEPHROLOGY NETWORK,      )
a d/b/a of DIALYSIS PURCHASING      )
ALLIANCE, INC.; and ASD             )
HEALTHCARE,                         )
                                    )
                       Defendants.  )
                                    )
```

MEMORANDUM

YOUNG, D.J.                                          July 22, 2010

Pursuant to the instructions of the Court of Appeals for the First Circuit, the Court explains its reasons for entering a partial judgement under Fed. R. Civ. P. 54(b).

On April 23, 2010, this Court entered its decision in United States ex rel. Westmoreland v. Amgen, Inc., __ F. Supp. 2d __, 2010 WL 1634315 (D. Mass. April 23, 2010). Among deciding other issues, the Court dismissed the claims of the individual states on grounds that largely foreclosed re-pleading, id. at 10, 12, but generally allowed the relator's federal claims to proceed if adequately re-pled, id. at 9-12. The states' claims were based on their respective state false claims statutes, and thus they are no longer parties to this action. Meanwhile, the relator's

federal claims are set for trial to commence in July 2011, so vigorous discovery is presently underway. Scheduling Conference Setting Case for Running Trial List as of July 5, 2011 (June 11, 2010); Order Denying Defs.' Mots. Dismiss. Rel.'s Fourth Am. Compl. (July 21, 2010).

Consistent with the purposes of Fed. R. Civ. P. 54(b), it is in the interest of justice to permit the states promptly to appeal this Court's adverse decision. This will allow the Court of Appeals to determine a central issue of statutory construction at the heart of this case rather than forcing the states to wait for the resolution of the relator's action late next year. Ideally, prompt determination of this appeal will either put paid to the states' claims with some finality (thus sparing all parties costly albeit futile discovery) or will resuscitate those claims in time for the states to play a meaningful role in their resolution.

Moreover, a central legal issue in the states' appeal - when false certifications of compliance with anti-kickback statues give rise to false claims act liability - will be presented to the First Circuit in the recently filed appeal of this Court's decision in U.S. ex rel. Hutcheson v. Blackstone Medical, Inc., __ F. Supp. 2d __, 2010 WL 938361 (D. Mass. Mar. 12, 2010). Thus, the First Circuit could consider the states' appeal in tandem with the appeal in Hutcheson, giving the states an opportunity to be heard on this legal issue of importance to the states' Medicaid programs.

Finally, the issues being appealed are ones that have divided the judges of this Court and their resolution is essential to the uniform handling of these important qui tam cases. For example, this Court's reasoning as to the states' claims is contrary to that of my colleague, Judge Saris in <u>In re Pharm. Ind. Average Wholesale Price Litig.</u>, 491 F. Supp. 2d 12, 18 (D. Mass. 2007).

/s/ William G. Young

**WILLIAM G. YOUNG**

**DISTRICT JUDGE**